IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TERESA PUCKETT, | : |
| | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 5:11-CV-00345-MTT |
| | : |
| WAL-MART STORES, EAST, L.P., | : |
| | : |
| Defendant. | : |

### MOTION TO ALLOW VOLUNTARILY DISMISSAL OF ACTION

NOW COMES the above-named plaintiff and moves the Court to allow plaintiff to dismiss this case pursuant to FRCP 41(a)(2), and shows the following in support of her motion:

1.

Discovery expired in this case on October 15, 2012.  The parties had tentatively scheduled depositions for all employees of defendant who had relevant knowledge of the issues in this action for October 3, 2012.

2.

Plaintiff's counsel, while undergoing unrelated medical procedures, was discovered to have two hernias, and corrective surgery was scheduled for September 27, 2012, with recovery period preventing any substantive legal work for over ten days due to pain, pain medications, and extremely limited mobility.  Total recovery period was 4 to 6 weeks.

3.

Discovery had been extended already at least twice in this matter, and counsel and his partner felt a further extension was unlikely.  Furthermore, no final scheduling of the depositions was completed.   These depositions are essential to even respond to the Motion for Summary Judgment filed by the defendant.

4.

Plaintiff and Defendant are conducting good faith settlement negotiations at this time, and the plaintiff attempted to voluntarily dismiss this case on December 5, 2012.  However, the defendant has objected to the dismissal.  The plaintiff has reviewed the rule cited by the defendant and recognizes that, under the present circumstances, a motion to dismiss is necessary.

5.

The plaintiff respectfully requests permission of the Court to dismiss this case.  If it cannot be settled, re-filing would be anticipated, with a request that all discovery completed be adopted into the new case and that sufficient time be allowed to depose the defendant's employees by notice and subpoena, since doing so by agreement has not been productive.

6.

In the alternative, the time to respond to the motion for summary judgment could be extended to allow for deposing these necessary witnesses.  Based upon the allegations raised in the motion, their testimony is essential, as the video clearly shows several employees passing by the aisle where plaintiff's injury occurred, any one of whom could have seen the obviously out-of-place bottle of detergent responsible for the plaintiff's fall.  However, the individual identities of the employees seen passing are not known, and the depositions are necessary both to clearly identify that the persons passing the aisle are in fact employees and to identify them by name to narrow the actual field of witnesses needed in the case.

7.

The plaintiff attempted dismissal based upon a reading of the Georgia statute applicable, which applies generally in cases in Federal Court.  Justice would best be served by allowing the

dismissal or extending the opportunity to respond to the motion filed by the defendant sufficiently to allow deposition of the witnesses needed by notice and subpoena.

  WHEREFORE, for the foregoing reasons, the plaintiff respectfully requests that she be allowed to dismiss this matter, without prejudice.

  Respectfully submitted, this 6th day of December, 2012.

             /s/  MICHAEL L. CHIDESTER
              State Bar No. 124406
              Attorney of Plaintiff

P.O. BOX 66601
Macon, Ga. 31201
(478) 743-9517

## CERTIFICATE OF SERVICE

  I hereby certify that a copy of the foregoing Motion has been served upon Mr. Albert J. DeCusati, Mclain & Merritt, 3445 Peachtree Road, N.E., Suite 500, Atlanta, Georgia 30326 by:

_____ placing same in the United States Mail with sufficient postage thereon to insure delivery;

_____ by hand delivery to his office; or,

_____ by hand delivery to said person in open court;

__X_ by filing same with the court electronically using the CM/ECF system which causes notification of same to be sent to him.

  This 6th day of December, 2012.

              /s/ Michael L. Chidester
              Attorney for Plaintiff